# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM E. ALTON | : | |
|     Plaintiff | : | |
| v | : | Civil Action No. WMN-09-1311 |
| MARYLAND DEPT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, *et al.* | : | |
|     Defendants | : | |

o0o

## **MEMORANDUM**

Pending is Plaintiff's Motion for Leave to Amend the Complaint and Motion to Proceed in Forma Pauperis. Papers No. 15, 17 and 19. Plaintiff has filed the proposed amended complaint. Paper No. 18. Because there has been no responsive pleading in this case, Plaintiff's Motion for Leave to Amend shall be granted.

Plaintiff's amended complaint seeks monetary damages for failure to provide an adequate means by which prisoners can pursue criminal charges against correctional officers. Paper No. 18 at p. 4. He claims the system in place now employs former correctional officers and law enforcement personnel who are friends, relatives or associates of the correctional officers under investigation. He alleges he is subjected to "wide spread abuse, tyranny and torture" which amounts to cruel and unusual punishment. *Id*. Plaintiff states that his personal property was improperly destroyed by correctional officers and he sought to have criminal charges filed against the officers, to no avail. *Id*. at p. 11.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." As an alleged crime

victim, Plaintiff has no constitutional right to insist on criminal prosecution. *See Sattler v. Johnson*, 857 F.2d 224 (4th Cir.1988). In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[1]  *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[2]

The complaint shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995). Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury". The instant case will be the first filed by Plaintiff that has been dismissed as frivolous.   For the reasons stated, this case will be dismissed by separate order.

/s/

  11/4/09  
Date

William M. Nickerson  
SeniorUnited States District Judge

---

[1] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[2] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.